# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **VISIONWORKS OF AMERICA, INC.,** | § § | |
| | § | 1:17-MC-0055-LY-AWA |
| V. | § | |
| | § | 3:15-MD-2626-HES-JKR |
| **JOHNSON & JOHNSON VISION CARE, INC.** | § § § | (M.D. Fla.) |

## ORDER

Before the Court is Non-Party Visionworks of America, Inc.'s Motion to Quash Subpoena to Produce Documents, Information, or Objects (Dkt. No. 1); the Opposition (Dkt. No. 5); and the Reply (Dkt. No. 6). The motion was referred to the undersigned for resolution. Dkt. No. 2. Visionworks moves pursuant to Rule 45 to quash a subpoena issued by Johnson & Johnson Vision Care, Inc. (J&J) in antitrust litigation regarding disposable contact lenses pending in the Middle District of Florida. In the alternative, Visionworks requests a protective order. J&J has filed a cross-motion seeking to enforce the subpoena.

On November 7, 2016, J&J served Visionworks with a subpoena issued by the United States District Court for the Middle District of Florida, commanding production in Austin, Texas. Dkt. No. 1-1. The subpoena includes ten document requests covering a period of seven years, from January 1, 2010, to the present. *Id.* At issue here is the request for seven years of "transactional level sales data by store or other retail or distribution location for sales and returns of Disposable Contact Lenses in the United States, on a sale-by-sale or an order-by-order basis." *Id.*[1] Visionworks asserts that this information constitutes trade secrets and other extremely confidential commercial information, the requests are overly broad, and that compliance would impose a significant undue

---

[1] As noted, the subpoena seeks a number of additional categories of data, but the parties have agreed that Visonworks need only provide a response to the request quoted in the text.

burden on it, a non-party, requiring the expenditure of hundreds or possibly thousands of employee hours to comply.

J&J responds that it is the defendant in MDL antitrust litigation concerning retail pricing policies for disposable contact lenses. It contends that as a major retailer of optical products, Visionworks possesses retail pricing and sales data for disposable contact lenses that are highly relevant to its defense of its case. J&J also asserts that, through negotiation, it agreed to limit its request the production of transactional data. J&J further asserts that its requests are not temporally overbroad, as the underlying litigation concerns the same seven year period. Finally, J&J asserts that the existing confidentiality order in the underlying litigation is sufficient to protect Visionworks' trade secrets or other commercially sensitive information.

The Court's analysis in deciding disputes regarding out-of-district subpoenas is governed by Rule 45. *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, *1 (D. Nev. Nov. 22, 2013). Generally speaking, Rule 45 requires that disputes related to non-party subpoenas be resolved locally, to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena. *See, e.g.,* FED. R. CIV. P. 45(d)(2)(B)(i) (directing that motions to compel be filed in "the district in which compliance is required"). Effective December 1, 2013, however, a significant change was made to Rule 45 through the addition of a new subsection, which states:

> (f) **Transferring a Subpoena-Related Motion**. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.

FED. R. CIV. P. 45(f). The Advisory Committee's comments to the amendment indicate that "[t]o protect local non-parties, local resolution of disputes about subpoenas is assured by the limitations

of [Rule 45] . . . that motions be made in the court in which compliance is required under Rule 45." FED. R. CIV. P. 45, Advisory Committee Notes to 2013 Amendments, Subdivision (f). The Notes state further, however, that "transfer to the court where the action is pending is sometimes warranted," either where the nonparty consents, or where there are exceptional circumstances. *Id.* The Committee instructs that "the prime concern should be avoiding burdens on local nonparties," but counsels that transfer is appropriate for "exceptional circumstances" when the interests in having the issuing court decide the discovery dispute "outweigh the interests of the party served with the subpoena in obtaining local resolution of the motion." *Id.* The Committee notes that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.*

The Court has reviewed the docket and filings in the underlying case pending in the Middle District of Florida. Although the place of compliance set by the subpoena is Austin, Texas, the subpoena was issued by the Florida court. Additionally, Visionworks is a national corporation with 740 stores located throughout the country, and the information requested is not limited to the Austin area or even to Texas. Therefore, unlike a situation where an individual or small business is required to comply with a subpoena outside of its locality, place of compliance is of little moment in this instance.[2] Additionally, this is complicated multidistrict litigation involving multiple defendants. The docket contains over four hundred entries. It is likely that other non-parties will move to quash similar depositions in the future. Further, the presiding judge in the underlying case is in a much

---

[2]Notably, Visionworks' counsel is from San Antonio, not Austin. Thus, to the extent travel is required to attend a hearing, the difference between 3 to 4 hours of driving to Austin (roundtrip) and roundtrip travel costs to Jacksonville is, in the scheme of litigation such as this, trivial.

better position than this Court to determine how crucial the documents requested from Visionworks are to J&J's defense in the MDL case, which is a significant part of the balancing analysis a court needs to conduct to decide Visionworks' undue burden objection. Finally, the evaluation of the efficacy of the underlying court's confidentiality order in protecting Visionworks' interests is best made by that court and not this one.

Transfer of this motion will foster the interests of fairness, consistency, judicial economy, and speed of resolution. Uniformity of discovery rulings in a case of this complexity is critical to achieving fairness to the parties and non-parties. For the reasons stated above, the Court finds that any ruling it might issue has the potential for disrupting the issuing court's management of the underlying litigation, both procedurally and substantively. Therefore, the Court finds that Visionwork's motion presents exceptional circumstances that warrant transfer.

IT IS THEREFORE ORDERED that Non-Party Visionworks of America, Inc.'s Motion to Quash Subpoena to Produce Documents, Information, or Objects (Dkt. No. 1) and Johnson & Johnson Vision Care Inc.'s Cross-Motion to Enforce Compliance with Request One of the Subpoena (Dkt. No. 5) are HEREBY TRANSFERRED to the United States District Court for the Middle District of Florida, Jacksonville Division. IT IS FURTHER ORDERED that upon transfer, this case be CLOSED.

SIGNED this 27th day of April, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE